## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JUANA GUTIERREZ, ) | |
| ) | Case No. 11-02105 |
| JUAN GUTIERREZ ) | |
| ) | Judge Donald R. Cassling |
| Debtor(s). ) | |

## NOTICE OF MOTION

*The following persons or entities who have been served via electronic mail*:
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Eugene Crane, Chapter 7 Trustee: ecrane@craneheyman.com

*The following persons or entities who have been served via first-class U.S. Mail*:
Juana and Juan Gutierrez, 1269 E. Washington St. Des Plaines, IL 60016
Harold Collins, Brendan Financial, Inc., 8 S Michigan Ave., Suite 1414, Chicago, IL 60603
Andrew T. Freund, Attorney for Brendan Mortgage, Inc., 24 East Avenue, Riverside, IL 60546
Adam A. Loops, 24 East Avenue, Riverside, IL 60546

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in his stead at 219 South Dearborn Street, Chicago, IL 60604, and present the attached **Amended Motion for Sanctions and Motion for Violation of Discharge Injunction against Brendan Mortgage, Inc., d/b/a Brendan Financial, Inc.** at which time and place you may appear.

    JUDGE: Cassling
    ROOM: 619
    DATE: August 29, 2017
    TIME: 9:30AM

## PROOF OF SERVICE

The undersigned certifies that a copy of this Notice of Motion and attachments were deposited at the United States Post Office, Wheeling, Illinois, 60090, before 5:30p.m., with sufficient postage prepaid, or served electronically by the bankruptcy court, under oath and under all penalties of perjury.

| | |
|---|---|
| DATE OF SERVICE: August 25, 2017 | /s/    Benjamin D. Rios |
| | Benjamin D. Rios, A.R.D.C. #6317063 |
| | Attorney for the Debtors |

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL 60090

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 7** |
| JUANA GUTIERREZ, ) | |
| ) | **Case No. 11-02105** |
| JUAN GUTIERREZ ) | |
| ) | **Judge Donald R. Cassling** |
| Debtor(s). ) | |

## AMENDED MOTION FOR SANCTIONS AND MOTION FOR VIOLATION OF DISCHARGE INJUNCTION

NOW COME the Debtors, Juana Gutierrez and Juan Gutierrez ("Debtors"), by and through their attorneys, DAVID M. SIEGEL & ASSOCIATES, LLC, to present this Motion against Brendan Mortgage, Inc., d/b/a Brendan Financial, Inc. ("Brendan Financial"), and in support thereof states as follows:

1. Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2. The Debtors filed a Chapter 7 bankruptcy on January 20, 2011, and Eugene Crane was appointed trustee in the case.

3. Schedule A of Debtors' bankruptcy petition listed their two-flat property located at 94 E. Dennis Road, Wheeling, IL 60090.

4. Father & Sons Home Improvement II, Inc. ("Father & Sons") was listed as a creditor and second mortgage holder under Schedule A of Debtor's bankruptcy petition.

5. Adam A. Loops, attorney for Father & Sons, filed a Motion for Relief from Stay on February 22, 2011. *See Docket #15.*

6. The Motion for Relief from Stay was granted by Judge Weidoff on March 16, 2011, permitting Brendan Financial to only pursue its State Court remedies. *See Docket #23.*

7. On March 19, 2011, three days after stay relief was entered, Brendan Financial had Debtors enter into a new contract for the second mortgage. *See Exhibit A.*

8. An order for discharge was entered on May 9, 2011. No reaffirmation agreements were filed or granted by the Court in this case.

9. Andrew T. Freund, attorney for Brendan Financial, subsequently initiated a civil action on behalf of Brendan Financial against the Debtors in the Circuit Court of Cook County on April 24, 2017, seeking damages over $111,851.55 in fees, costs, and interest. *See Exhibit B.*

10. Debtors were later served with the Brendan Financial complaint, and they contacted their attorneys from the Chapter 7 bankruptcy, David M. Siegel & Associates, to discuss the debt.

11. Debtors' attorney contacted Mr. Freund on August 1, 2017, via telephone and email, to explain that the debt for the second mortgage was discharged in the Chapter 7, and the civil action is prohibited by the discharge order. Debtor's attorney requested Mr. Freund forward documentation that contradicts this position. Mr. Freund replied via email that it was his determination that the note stemmed from an unrelated obligation. *See Exhibit C.*

12. Brendan Financial violated 11 U.S.C. §362(a) when it had Debtors sign a new note for the second mortgage on March 19, 2011; and it subsequently violated 11 U.S.C. §524 by initiating a post-discharge civil action against Debtors on April 24, 2017 under the guise of a breach of contract.

13. Brendan Financial's willful violations of 11 U.S.C. §362 and 11 U.S.C. §524 merit an award of damages for the Debtors under 11 U.S.C. §362(k)(1).

WHEREFORE, Debtors respectfully request that this Honorable Court enter an order compelling Brendan Mortgage, Inc., d/b/a Brendan Financial, Inc. to withdraw its civil action,

and order it to pay Debtor's legal costs and attorneys' fees, actual damages, and punitive damages totaling $10,000; and any other relief this court deems appropriate.

                      Respectfully submitted,

                      /s/ Benjamin D. Rios
                      Benjamin D. Rios, A.R.D.C. #6317063
                      Attorney for the Debtors

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL 60090
847/ 520-8100

# EXHIBIT A

Loan Number: BFIFHI0321

# NOTE

MARCH 19, 2011          RIVERSIDE          ILLINOIS
Date                    City               State

94 EAST DENNIS RD,    WHEELING,    ILLINOIS    60090
Property Address       City          State       Zip Code

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 102,327.75 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is BRENDAN FINANCIAL, INC., AN ILLINOIS CORPORATION (CFL # MB.0006346).
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of 6.500 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 762.93.
I will make my payments on the 15th day of each month beginning on APRIL 15, 2011. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on MARCH 15, 2031, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at 30 EAST AVENUE - SUITE A, RIVERSIDE, ILLINOIS 60546
or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any of my monthly payments by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $ N/A and not more than U.S. $ N/A. I will pay this late charge only once on any late payment.

(B) Notice From Note Holder
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

ILLINOIS SECOND MORTGAGE-1/80                Page 1 of 3              DocMagic eForms
3914                                                                   www.docmagic.com

(D) **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated MARCH 19, 2011, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

ILLINOIS SECOND MORTGAGE 1/80
3914                                    Page 2 of 3                    DocMagic eForms
                                                                       www.docmagic.com

1 of 1                                                                 8/5/17, 11:53 AM



WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)       _____ (Seal)
JUAN GUTIERREZ        -Borrower        JUANA GUTIERREZ      -Borrower

_____ (Seal)       _____ (Seal)
                      -Borrower                              -Borrower

_____ (Seal)       _____ (Seal)
                      -Borrower                              -Borrower

[Sign Original Only]

ILLINOIS SECOND MORTGAGE-1/80
3914                              Page 3 of 3                 DocMagic eForms
                                                              www.docmagic.com

# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| BRENDAN MORTGAGE, INC., D/B/A<br>BRENDAN FINANCIAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>JUAN GUTIERREZ, & JUANA GUTIERREZ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. |

## COMPLAINT FOR BREACH OF CONTRACT

Now comes the Plaintiff, **Brendan Mortgage, Inc.** ("Brendan") by its attorney, and for its **COMPLAINT FOR BREACH OF CONTRACT** states as follows:

### GENERAL ALLEGATIONS

1. Brendan is an Illinois corporation with its principal place of business located in Cook County, Illinois, and engaged in the business of residential mortgage lending.

2. At all times relevant, Defendants Juan Gutierrez and Juana Gutierrez ("Defendants") owned real estate in the County of Cook commonly known as 94 East Dennis Road, Wheeling, IL 60090.

3. On or about March 19, 2011, Defendants executed an Installment Note ("Note") payable to the Order of Brendan in the principal amount of $102,327.75. A copy of said Note is attached hereto as Exhibit "A".

4. Defendants have failed to make payments to Brendan when due under the terms of the Note.

## COUNT ONE – BREACH OF CONTRACT

5. Brendan has demanded from Defendants payment of the balance due of $111,851.55, pursuant to the terms of the Note.

6. The failure of Defendants to pay the balance due, under the terms of the Note, constitutes breach of contract with Brendan.

7. As a result of Defendants' breach of contract, Brendan has suffered damages in the amount of $111,851.55, plus accruing interest, costs, and attorney's fees.

8. Brendan has fully performed its obligations under the terms of the Note, and there are no conditions precedent to Defendants' obligation to perform.

**WHEREFORE**, Brendan Mortgage, Inc., prays for judgment in its favor and against Defendants Juan Gutierrez and Juana Gutierrez in the amount of $111,851.55 plus interest, costs of this suit, reasonable attorneys' fees as provided for in the Note, and for such further relief as the Court deems just.

Respectfully submitted,

*/s/ Andrew T. Freund*
Its attorney

Andrew T. Freund
Attorney for Brendan Mortgage, Inc.
24 East Avenue
Riverside, IL 60546
(708) 788-4870
Attorney No. 60242

# EXHIBIT C

Subject: RE: 17-L-004107 Gutierrez

From: Andrew Freund <afreund@lawinf.com>

To: Benjamin Rios <brios@davidmsiegel.com>

Wed, 2 Aug 2017 20:56:27 +0000

Dear Mr. Rios,

I've looked into your matter and have determined that Brendan Financial, Inc.'s loan stemmed from an obligation of your client entirely unrelated to Father & Sons Home Improvement II, Inc. The primary support for this obligation is the note which is already attached to the complaint you have.

If you have any further information regarding a bankruptcy proceeding undertaken by your client which would materially impact this litigation, please forward it to my attention for consideration.

Thank you.

Drew

---

**From:** Benjamin Rios [mailto:brios@davidmsiegel.com]
**Sent:** Tuesday, August 01, 2017 11:30 AM
**To:** Andrew Freund <afreund@lawinf.com>
**Subject:** 17-L-004107 Gutierrez

Mr. Freund:

As you and I discussed over the phone, I was calling regarding the case of Brendan Mortgage v. Juan Gutierrez and Juana Gutierrez. We represented Mr. & Mrs. Gutierrez in their 2011 bankruptcy. They recently provided us a copy of the Complaint for Breach of Contract they received from your office. I attached the complaint to this email.

Mr. and Mrs. Gutierrez filed bankruptcy with our firm on January 20, 2011. Their case number was 11-02105. They received a discharged of their debts on May 9, 2011. I also attached copies of the notice and discharge order to this email.

It is my understanding that Mr. and Mrs. Gutierrez entered into a contract for a loan with Father & Sons Home Improvement prior to filing bankruptcy. It is my understanding that Brendan Mortgage either purchased this debt, or it was transferred to them from Father & Sons Home Improvement after the Debtors' bankruptcy was filed. Exhibit A of your complaint shows that Mr. & Mrs. Gutierrez signed a contract with Brendan Mortgage while the bankruptcy was pending, and prior to discharge. Attempts to collect on a pre-petition debt are prohibited by the attached discharge order.

If the contract with Brendan Mortgage is unrelated to any pre-petition debts or creditors, please forward me any documentation you have that supports this.

Best Regards,

Ben Rios

Associate

David M. Siegel & Associates, LLC

790 Chaddick Drive

Wheeling, IL  60090

847/ 520-8100 (phone)

847/ 520-6022 (fax)

Important Disclaimer:

This E-mail contains confidential information belonging to the sender, which may be legally privileged information. This information is intended only for the use of the individual or entity addressed above. If you are not the intended recipient, or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the E-mail or attached files is strictly prohibited.