IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) **Chapter 7** |
| JUANA GUTIERREZ, | ) |
| | ) **Case No. 11-02105** |
| JUAN GUTIERREZ | ) |
| | ) **Hon. Judge Donald R. Cassling** |
| Debtors. | ) |

## NOTICE OF MOTION

*The following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Eugene Crane, Chapter 7 Trustee: ecrane@craneheyman.com

*The following persons or entities who have been served via first-class U.S. Mail:*
Juana and Juan Gutierrez, 1269 E. Washington St. Des Plaines, IL 60016
Harold Collins, Brendan Financial, Inc., 8 S Michigan Ave., Suite 1414, Chicago, IL 60603
Scott R. Barfuss, Attorney for Brendan Mortgage, Inc., 24 East Avenue, Riverside, IL 60546

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in her stead at 219 South Dearborn Street, Chicago, IL 60604, and present the attached **Debtors' Reply to Brendan Financial, Inc.'s Response to Amended Motion for Sanctions and Motion for Violation of Discharge Injunction** which time and place you may appear.

| | |
|---|---|
| **JUDGE:** | Cassling |
| **ROOM:** | 619 |
| **DATE:** | October 3, 2017 |
| **TIME:** | 10:00AM |

## PROOF OF SERVICE

The undersigned certifies that a copy of this Notice of Motion and attachments were deposited at the United States Post Office, Wheeling, Illinois, 60090, before 5:30p.m., with sufficient postage prepaid, or served electronically by the bankruptcy court, under oath and under all penalties of perjury.

DATE OF SERVICE: September 26, 2017           /s/     Benjamin D. Rios
                                                Benjamin D. Rios, A.R.D.C. #6317063
                                                Attorney for the Debtors

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL 60090

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | 11-02015 |
| | ) | |
| JUANA GUTIERREZ & | ) | Chapter 7 |
| JUAN GUTIERREZ, | ) | |
| | ) | Hon. Judge Donald R. Cassling |
| Debtors. | ) | |

### DEBTORS' REPLY TO BRENDAN FINANCIAL, INC.'S RESPONSE TO AMENDED MOTION FOR SANCTIONS AND MOTION FOR VIOLATION OF DISCHARGE INJUNCTION

NOW COME the Debtors, JUANA AND JUAN GUTIERREZ, by and through their attorneys, DAVID M. SIEGEL & ASSOCIATES, submit their Reply to Brendan Financial, Inc.'s Response to Amended Motion for Sanctions and Violation of Discharge Injunction Response, and state as follows:

### INTRODUCTION

Brendan Financial, Inc. ("Brendan Financial") should be sanctioned by this court, and debtors should be awarded damages for Brendan Financial's willful violation of 11 U.S.C. §362 and §524. Brendan Financial violated 11 U.S.C. §362 by impermissibly contacting Juan & Juana Gutierrez, ("debtors") after limited stay relief was granted, and inducing them to sign a repay agreement for a dischargeable debt that was listed on debtors' schedules. This promissory note was never effective because it failed to comply with 11 U.S.C. §524(c). After the discharge order was entered, Brendan Financial violated the 11 U.S.C. §524 discharge injunction by bringing a lawsuit against debtors to enforce this ineffective promissory note and to collect on a discharged debt under the guise of damages for a breach of contract.

### BACKGROUND

1

Prior to filing, the debtors hired Father & Son's Home Improvement ('Father & Son's") to complete a series of home improvements for Debtors' property at 94 E. Dennis Road, Wheeling, IL 60090. At the time of the debtors' Chapter 7 bankruptcy filing on January 20, 2011, Father & Son's had stopped working and was no longer providing services for debtors. Father & Son's was listed as a creditor on Schedule A of the debtors' bankruptcy petition. Schedule A listed Father & Son's second mortgage balance at approximately $95,000.

Although Brendan Financial was not listed as a creditor on the debtors' Schedules, its attorney filed a motion for relief from stay in the debtors' bankruptcy. *See Dkt. #15*. Brendan Financial's order was granted, which permitted Brendan Financial and Father & Son's relief from stay to pursue State Court remedies. *See Dkt. #23*. Brendan Financial subsequently contacted the debtors, and a new promissory note was executed on March 19, 2011 for a loan in amount of $102,327.75. *See Exhibit A*. The debtors continued paying Brendan Financial after the discharge order was entered in their bankruptcy case on May 9, 2011. No new services were provided by Brendan Financial, and no new money was exchanged between Brendan Financial and the debtors in consideration for this new promissory note.

After the debtors' property at 94 E. Dennis Road was foreclosed upon and sold in December of 2016, the debtors received a letter from Brendan Financial indicating that a balance of $95,458 was owed. *See Exhibit B*. Brendan Financial later initiated a civil action against debtors, alleging a breach in contract that resulted in damages amounting to $111,851.55. *See Exhibit C*. Debtors subsequently retained David M. Siegel & Associates, the law firm that originally represented them in the Chapter 7 bankruptcy. Debtors' attorney contacted Andrew T. Freund, attorney for Brendan Financial, to request documentation demonstrating that this promissory note contained a completely new obligation. *See Exhibit D*. Mr. Freund indicated

that he determined it was an obligation unrelated to the bankruptcy. *Id.* No new additional information was provided to Debtor's counsel.

Debtors' counsel filed a motion for sanctions against Brendan Financial, alleging it violated 11 U.S.C. §362 by contacting Debtors to sign a new agreement for a dischargeable debt; and that Brendan Financial violated the discharge injunction under 11 U.S.C. §524 by bringing a civil suit against Debtors to collect damages that resulted from a breach of the promissory note. Debtors now bring this reply to Brendan Financial's response to Debtors' Amended Motion for Sanctions and Motion for Violation of a Discharge Injunction.

## ARGUMENT

**A. The Obligation Described in the March 19, 2011 Promissory Note between Brendan Financial and the Debtors was at Least in Part a Dischargeable Debt Listed in Debtors' Schedules.**

In Brendan Financial's response, it alleged that it did not violate the discharge injunction because it was not a creditor in the case or that it did not have a pre-petition claim against Debtors; however, this incorrectly focuses on the parties to the agreement, and it ignores the more relevant issue, which is the actual obligation described in the note. The plain language of 11 U.S.C. §524(c) sets forth requirements for any "holder of a claim" entering into an agreement with Debtors when "the consideration for which, in whole or in part, is based on a debt that is dischargeable." See 11 U.S.C. §524(c). The term "holder of a claim" may encompass a party entering into an agreement with a Debtor when consideration for the agreement is at least in part based on a dischargeable debt. *Id.*

Other banks in this jurisdiction have been sanctioned for entering into similar post-petition obligation agreements with Debtors. Judge Jack B. Schmetterer sanctioned First Suburban

3

National Bank ("First Suburban") in the case of *In re Smith* after the First Suburban attempted to collect on an obligation that was partially included a discharged debt. *In re Smith,* 224 B.R. 388, 392 (Bankr. N.D. Ill., 1998). Judge Schmetterer found that—apart from valid reaffirmation agreements—an agreement's "obligation must truly be a valid post-petition obligation and not merely a re-working of a discharged debt" to remain enforceable. *In re Smith,* 224 B.R. 388, 396. Judge Schmetterer found that the plain language of the code and "several precedents" supported this decision. *Id.* One particular precedent Judge Schmetterer cited from the United States Bankruptcy Court in the District of Oregon held that creditors "have the burden of proving that an agreement represents a new, post-petition obligation," when they enter "into a post-petition contract or lease which obligates the debtor under similar terms to those which existed under a prebankruptcy agreement." *Id.*

The debtors argue that the agreement with Brendan Financial includes at least in part the discharged debt that was originally listed on Schedule A of the bankruptcy petition with Father & Son's. Although Debtors concede that Father & Son's and Brendan Financial were two separate entities, there is clearly a relationship between the debt owed to Father & Son's and loan agreement with Brendan Financial. First, the loan amount described in the March 19, 2011 promissory note with Brendan Financial is nearly the same amount that Debtors listed on Schedule A for Father & Son's. Second, Brendan Financial's own attorney obtained relief from stay for Father & Son's and Brendan Financial using the same order. *See Dkt. #23.* Lastly, Brendan Financial did not tender any new money to debtors in consideration for the March 19, 2011 promissory note and it did not provide any additional services in exchange for debtors' obligation to pay. Furthermore, Brendan Financial has failed to meet its burden to show that

4

there was new money or services provided in consideration for this new promissory note. This is merely a new note for a discharged debt.

### B. Brendan Financial's promissory note is not an effective agreement, and Brendan Financial violated the discharge injunction by suing debtors to enforce it.

Brendan Financial's promissory note fails to comply with the statutory requirements of 11 U.S.C. §524(c) and therefore it has never been effective or enforceable. Voluntary agreements to repay dischargeable debt, i.e. reaffirmation agreements, can operate as an exception to the discharge injunction only if the agreements fully comply with §524(c)(1) - (6). See 11 U.S.C. §524(c). When debtors are represented by an attorney, such as the debtors in this case, subsections (c)(2) and (c)(3) require that debtors receive "disclosures described in subsection (k) at or before the time at which the debtor signed the agreement"; and that the agreement is filed with the court, "accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection." See 11 U.S.C. §524(c)(2) - (3). In short, as Judge Schmetterer held, "[a]n agreement to reaffirm a debt which is not filed with the bankruptcy court and fails to comply with statutory requirements under § 524 is void and never becomes effective or enforceable." *In re Smith*, 224 B.R. 388, 395.

Brendan Financial's promissory note lacks any the disclosures described by subsection (k), it lacks an accompanying affidavit from debtors' attorneys, and the promissory note was never filed with the bankruptcy court. Therefore, Brendan Financial's promissory note is not effective or enforceable, because it fails to comply with the basic requirements of §524(c)(2) and (3). Furthermore, Brendan Financial's failure to comply with the basic requirements of §524 also means that Brendan Financial's attempt to collect on the debt, under the guise of damages for an ineffective breach of contract, violates the discharge injunction. *In re Smith*, 224 B.R. 388, 397.

Brendan Financial's willful disregard of their limited relief from stay enabled them to coerce debtors to make unnecessary payments to Brendan Financial under an ineffective reaffirmation agreement. Brendan Financial's violation of the discharge order also caused debtors to incur the cost of retaining counsel to assert their rights under the discharge injunction. Brendan Financial's willful disregard for the automatic stay, its attempt to circumvent the Code's requirements for reaffirmation agreements, and its willful violation of the discharge injunction merit an award of actual and punitive damages for the debtors.

WHEREFORE, Debtors respectfully request that this Honorable Court grant Debtors' Amended Motion for Sanctions and Motion for Violation of Discharge Injunction, and any other relief this court deems appropriate.

Respectfully Submitted,

/s/    Benjamin D. Rios
Benjamin D. Rios, A.R.D.C. #6317063
Attorney for the Debtors

DAVID M. SIEGEL & ASSOCIATES
Attorney for Debtors
790 Chaddick Drive
Wheeling, IL 60090
847/ 520-8100

# EXHIBIT A

Loan Number: BFIFHI0321

# NOTE

MARCH 19, 2011  
Date

RIVERSIDE  
City

ILLINOIS  
State

94 EAST DENNIS RD, WHEELING, ILLINOIS 60090  
Property Address      City      State      Zip Code

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 102,327.75 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is BRENDAN FINANCIAL, INC., AN ILLINOIS CORPORATION (CFL # MB.0006346). I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of 6.500 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 762.93
I will make my payments on the 15th day of each month beginning on APRIL 15, 2011. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on MARCH 15, 2031, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at 30 EAST AVENUE - SUITE A, RIVERSIDE, ILLINOIS 60546
or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $ N/A and not more than U.S. $ N/A. I will pay this late charge only once on any late payment.

**(B) Notice From Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

ILLINOIS SECOND MORTGAGE 1/80  
3914

Page 1 of 3

DocMagic eForms  
www.docmagic.com

(D) **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated MARCH 19, 2011, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

ILLINOIS-SECOND MORTGAGE-1/80
3914

Page 2 of 3

DocMagic eForms
www.docmagic.com



WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____*Juan L. Gutierrez*_____ (Seal)     _____*Juana Gutierrez*_____ (Seal)
JUAN GUTIERREZ           -Borrower      JUANA GUTIERREZ           -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                -Borrower

[Sign Original Only]

ILLINOIS-SECOND MORTGAGE-1/80          Page 3 of 3          DocMagic eForms
3914                                                        www.docmagic.com

# EXHIBIT B

**BRENDAN FINANCIAL, INC.**
30 East Avenue
Suite A
Riverside, Illinois 60546


SECOND REQUEST

(708) 442-2686
(877) 391-2628 (Toll Free)
brendanfinancialinc@yahoo.com

February 24, 2017

JUAN GUTIERREZ
94 EAST DENNIS ROAD
WHEELING, IL 60090

In connection with an audit of the financial statements of Brendan Mortgage, Inc., please confirm to our auditors the requested information about the following loan made by us to you as of December 31, 2016. Please confirm only this particular loan even though you may have other loans with us.

Unpaid balance: $ 95,458.

Please indicate in the space provided below if the preceding information is correct. If there are differences, please provide any information that will assist our auditors in reconciling the differences.
After signing and dating your reply, please mail it directly to Eric J. Fernandez & Co, 1S443 Summit Ave, Suite 302, Oakbrook Terrace, IL 60181 in the enclosed return envelope.

Very truly yours,

Michael Collins
Brendan Mortgage, Inc.

To: Eric J. Fernandez & Co.
The preceding information is correct, with the following exceptions (if any):

_____
_____
_____
_____

Signature: _____

Date: _____

# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| BRENDAN MORTGAGE, INC., D/B/A BRENDAN FINANCIAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>JUAN GUTIERREZ, & JUANA GUTIERREZ,<br><br>Defendants. | No. |

## COMPLAINT FOR BREACH OF CONTRACT

Now comes the Plaintiff, **Brendan Mortgage, Inc. ("Brendan")** by its attorney, and for its COMPLAINT FOR BREACH OF CONTRACT states as follows:

## GENERAL ALLEGATIONS

1. Brendan is an Illinois corporation with its principal place of business located in Cook County, Illinois, and engaged in the business of residential mortgage lending.

2. At all times relevant, Defendants Juan Gutierrez and Juana Gutierrez ("Defendants") owned real estate in the County of Cook commonly known as 94 East Dennis Road, Wheeling, IL 60090.

3. On or about March 19, 2011, Defendants executed an Installment Note ("Note") payable to the Order of Brendan in the principal amount of $102,327.75. A copy of said Note is attached hereto as <u>Exhibit "A"</u>.

4. Defendants have failed to make payments to Brendan when due under the terms of the Note.

1

## COUNT ONE – BREACH OF CONTRACT

5. Brendan has demanded from Defendants payment of the balance due of $111,851.55, pursuant to the terms of the Note.

6. The failure of Defendants to pay the balance due, under the terms of the Note, constitutes breach of contract with Brendan.

7. As a result of Defendants' breach of contract, Brendan has suffered damages in the amount of $111,851.55, plus accruing interest, costs, and attorney's fees.

8. Brendan has fully performed its obligations under the terms of the Note, and there are no conditions precedent to Defendants' obligation to perform.

**WHEREFORE**, Brendan Mortgage, Inc., prays for judgment in its favor and against Defendants Juan Gutierrez and Juana Gutierrez in the amount of $111,851.55 plus interest, costs of this suit, reasonable attorneys' fees as provided for in the Note, and for such further relief as the Court deems just.

Respectfully submitted,

*/s/ Andrew T. Freund*
Its attorney

Andrew T. Freund
Attorney for Brendan Mortgage, Inc.
24 East Avenue
Riverside, IL 60546
(708) 788-4870
Attorney No. 60242

2

# EXHIBIT D

Subject: RE: 17-L-004107 Gutierrez

From: Andrew Freund <afreund@lawinf.com>

To: Benjamin Rios <brios@davidmsiegel.com>

Wed, 2 Aug 2017 20:56:27 +0000

Dear Mr. Rios,

I've looked into your matter and have determined that Brendan Financial, Inc.'s loan stemmed from an obligation of your client entirely unrelated to Father & Sons Home Improvement II, Inc. The primary support for this obligation is the note which is already attached to the complaint you have.

If you have any further information regarding a bankruptcy proceeding undertaken by your client which would materially impact this litigation, please forward it to my attention for consideration.

Thank you.

Drew

---

**From:** Benjamin Rios [mailto:brios@davidmsiegel.com]
**Sent:** Tuesday, August 01, 2017 11:30 AM
**To:** Andrew Freund <afreund@lawinf.com>
**Subject:** 17-L-004107 Gutierrez

Mr. Freund:

As you and I discussed over the phone, I was calling regarding the case of Brendan Mortgage v. Juan Gutierrez and Juana Gutierrez. We represented Mr. & Mrs. Gutierrez in their 2011 bankruptcy. They recently provided us a copy of the Complaint for Breach of Contract they received from your office. I attached the complaint to this email.

Mr. and Mrs. Gutierrez filed bankruptcy with our firm on January 20, 2011. Their case number was 11-02105. They received a discharged of their debts on May 9, 2011. I also attached copies of the notice and discharge order to this email.

It is my understanding that Mr. and Mrs. Gutierrez entered into a contract for a loan with Father & Sons Home Improvement prior to filing bankruptcy. It is my understanding that Brendan Mortgage either purchased this debt, or it was transferred to them from Father & Sons Home Improvement after the Debtors' bankruptcy was filed. Exhibit A of your complaint shows that Mr. & Mrs. Gutierrez signed a contract with Brendan Mortgage while the bankruptcy was pending, and prior to discharge. Attempts to collect on a pre-petition debt are prohibited by the attached discharge order.

If the contract with Brendan Mortgage is unrelated to any pre-petition debts or creditors, please forward me any documentation you have that supports this.

Best Regards,

Ben Rios

Associate

David M. Siegel & Associates, LLC

790 Chaddick Drive

Wheeling, IL  60090

847/ 520-8100 (phone)

847/ 520-6022 (fax)

Important Disclaimer:

This E-mail contains confidential information belonging to the sender, which may be legally privileged information. This information is intended only for the use of the individual or entity addressed above. If you are not the intended recipient, or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of the E-mail or attached files is strictly prohibited.