IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

**Juana Gutierrez and Juan Gutierrez,**

Debtor(s)

Case No: 11 B 02105
Chapter 7

Honorable Donald R. Cassling

### BRENDAN FINANCIAL, INC.'S OBJECTIONS TO DEBTORS' ITEMIZATION OF ATTORNEYS' FEES AND COSTS

NOW COMES Brendan Financial, Inc. ("Brendan"), by and through its attorney, and for its Objections to Debtors' Itemization of Attorneys' Fees and Costs, states as follows:

**1. The itemization is insufficiently supported**

The debtors have submitted a document purporting to show attorney time expended on their Motion and Amended Motion for Sanctions. However, the itemization: (1) is not supported by an affidavit; (2) is not supported by actual invoices prepared in ordinary course of business; (3) does not identify the attorneys or other individuals whose time is itemized; (4) does not relate the relevant experience of the attorneys or other individuals whose time is itemized; (5) does not aver that the rates charged are reasonable in view of the experience of the attorneys or individuals whose time is itemized; and (6) does not aver that the time expended was reasonable in view of the complexity of the matter.

**2. The fees and costs included in the itemization are excessive**

Brendan objects to the following items as unreasonable (*see Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed)):

1

(1)  On August 9, 2017, five hours of time is billed for preparing and filing a two-page motion consisting of 13 short paragraphs and three exhibits.  This charge is in addition to a previous 1.2 hour entry on August 8, 2017 for research regarding the motion.  At most, the motion should have been prepared and filed in 1.5 hours.

(2)  On August 22, 2017, 0.8 hours of time is billed for updating and refilling the motion for sanctions.  The "updated" motion is virtually identical to the original motion.  At most this activity should have required 0.3 hours of time.

(3)  On August 25, 2017, 0.4 hours of time is billed for amending Debtors' motion to reflect the property electronic filing event code.  This charge was incurred as a result of the filer's error, and is therefore unreasonable.

(4)  On September 5, 2017, 0.1 hours of time is billed for a phone call to the court clerk regarding an apparent error closing the case; the same activity is billed at 1.0 hours on September 25, 2017.  The latter charge is duplicative and excessive.

(5)  On November 22, 2017, November 25, 2017, and November 27, 2017, a total of 3.9 hours of time is billed for preparing exhibits for the evidentiary hearing.  With the exception of Debtors' bank statements (Debtors' Exhibit 4) and a letter to them from Michael Collins (Debtors' Exhibit 5), their exhibits consist of documents previously attached to their Amended Motion for Sanctions, or are orders previously entered by the Court in this matter.  The itemization already includes 0.9 total hours billed on October 31, 2017 and November 6, 2017 for review of the debtors' bank statements.  Therefore, 3.9 hours billed for preparation of exhibits is excessive; at most this activity should have required 1.0 hour of time.

(6)  On November 29, 2017 and November 30, 2017, a total of 2.3 hours of time is billed by "BDR" for drafting questions, reviewing exhibits, and preparing for the evidentiary hearing.

Then, following a one hour meeting with the debtors on December 1, 2017, an additional 1.0 hour of time is billed by "JSC" to prepare for the evidentiary hearing, draft questions, and review exhibits. The time billed for these activities is duplicative, and therefore unreasonable.

(7) On January 15, 2018, 1.0 hour of time is billed to prepare an itemization of attorneys' fees and costs. In view of the total amount of time spent by Debtors in pursuit of their Motion for Sanctions, this amount is excessive. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 411 (7th Cir. 1999) (1.6 hours required to prepare fee petition reasonable where attorneys spent approximately 100 hours litigating merits of case). The debtors' attorney spent approximately 31 hours litigating the Motion for Sanctions in this matters. Therefore, preparation of the itemization should have required, at most, 0.4 hours.

### 3. The itemization includes overhead costs

Brendan objects to the following items as improperly billed overhead costs:

(1) On August 5, 2017, 0.5 hours of time is billed for obtaining a copy of the state-court complaint. The activity is billed at the same rate as all other entries on the itemization. However, the activity is too simple even to merit a lower, paralegal fee. *See Spegon*, 175 F.3d at 553 ("The relevant inquiry for requested paralegal fees is whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder.") (internal quotation omitted). The court "should disallow time spent on what are essentially "clerical" or secretarial tasks. *Id*. Because the charge is essentially an overhead cost, its inclusion in the itemization is unreasonable.

(2) On August 22, 2017, 0.2 hours of time is billed by "OFFICE" for amending the debtors' address on PACER. The charge appears to be neither the work of an attorney, nor paralegal, and is therefore unreasonable.

(3) Debtors include a series of "Administrative Costs" which are postage fees. These costs are not supported by any affidavit, appear to include duplicative charges or charges that arise as a result of attorney error, and represent overheard costs. The debtors also include an "Estimation of cost of transcript of court decision" in the amount of $250.00 which has not been incurred. The inclusion of these costs on the itemization is unreasonable.

WHEREFORE, Brendan Financial, Inc. requests that any award of fees and costs entered by the Court be reasonable and just in the circumstances, and consistent with Brendan Financial, Inc.'s objections as stated herein.

Respectfully Submitted,

/s/ Scott R. Barfuss
ARDC No. 6289005
24 East Avenue
Riverside IL 60546
(708) 788-4870
Attorney for Brendan Financial, Inc.