## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

**Juana Gutierrez and Juan Gutierrez,**

Debtor(s)

**Case No: 11 B 02105**
**Chapter 7**

**Honorable Donald R. Cassling**

### NOTICE OF FILING

TO:  Eugene Crane, Chapter 7 Trustee, Crane, Heyman, Simon, Welch & Clar, 135 S. LaSalle, Suite 3705, Chicago, IL  60603 by electronic notice through ECF
Juana and Juan Gutierrez, 1269 E. Washington Street, Des Plaines, IL  60016
Benjamin D. Rios, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL  60090 by electronic notice through ECF

PLEASE TAKE NOTICE that on March 6, 2018 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before Honorable Judge Presiding or any judge his/her stead in room 619 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, and shall then and there present this Motion of the undersigned, a copy of which is attached hereto.

### PROOF OF SERVICE

I hereby certify that a copy of the foregoing was served electronically upon the Trustee and Debtors' attorney via electronic notice, and as to the debtors by causing same to be mailed in a properly addressed envelope, postage prepaid, from 24 East Avenue, Riverside, IL 60546, this 21st day of February, 2018.

/s/ Scott R. Barfuss
ARDC No. 6289005
24 East Avenue
Riverside IL 60546
(708) 788-4870
Attorney for Brendan Financial, Inc.

1

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

IN RE:

Juana Gutierrez and Juan Gutierrez,

Debtor(s)

Case No: 11 B 02105
Chapter 7

Honorable Donald R. Cassling

**BRENDAN FINANCIAL, INC.'S**
**MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 9023**

NOW COMES Brendan Financial, Inc. ("Brendan"), by and through its attorney, and for its Motion to Alter or Amend Judgment Pursuant to Rule 9023, states as follows:

**The Court's February 8, 2018 order is inconsistent**
**with its December 12, 2017 ruling and subsequent orders**

1.      On December 12, 2017, this Court announced its ruling granting the debtors' Amended Motion for Sanctions.  The Court found that Debtors were entitled to an award of attorney's fees and costs, and set the matter for a prove-up hearing to be held on February 6, 2018.  The Court ordered the debtors to provide a draft order granting the motion within seven days.  A scheduling order entered December 12, 2017 is attached hereto as <u>Exhibit A</u>.

2.      In its oral ruling, the Court further stated that the debtors had not proved, and were not entitled to, actual damages.

3.      On December 20, 2017, this Court entered an order granting the Amended Motion for Sanctions.  The order again indicates that the debtors would be allowed to introduce evidence of attorney's fees and costs only.  A copy of the December 20, 2017 order is attached hereto as <u>Exhibit B</u>.

4.      The December 20, 2017 order differs from the proposed order submitted by the debtors on December 18, 2017 (docket no. 56).  The debtors' proposed order stated that Brendan must

2

pay the debtors "actual damages" and that proof of such amounts would be submitted in advance

of the February 6, 2018 prove-up hearing.  A copy of Debtors' proposed order (docket no. 56) is

attached hereto as <u>Exhibit C</u>.

5.      A prove-up hearing was held February 6, 2018 at which time the parties addressed certain

objections raised by Brendan with respect to the debtors' itemization of attorney's fees and costs.

The objections concerned only the debtors' itemization of attorney's fees and costs.  While the

debtors had included in their itemization a line-item for amounts paid by Debtors to Brendan

from April, 2011 to November, 2014, this item was not addressed by the parties or the Court.

6.      On February 8, 2018, the Court entered an order "Awarding Attorney Fees and Costs

Resulting from Brendan Financial, LLC's Violation of the Automatic Stay and Discharge

Injunction (Docket No. 36)."  The order awarded attorney's fees and costs in the amount of

$5,367.68, and in addition, a refund to the debtors of payments made by them to Brendan,

totaling $30,984.09.  A corrected version of the February 8, 2018 Order was entered on February

12, 2018 and is attached hereto as <u>Exhibit D</u>.

7.      The order to refund $30,984.09 to the debtors is not consistent with the Court's oral

ruling of December 12, 2017, or its December 12, 2017 and December 20, 2017 written orders,

each of which state that the debtors were entitled to an award of attorney's fees and costs only.

8.      The Court provides no explanation for the inclusion of a refund to the debtors or

amended (or additional) findings that would support such an award.

9.      In its Introduction to the February 8, 2018 order, the Count notes that Brendan "does not

challenge the $30,984.09 in payments that the Debtors made."  While that is true—Brendan's

own accounting records, admitted into evidence at the December 4, 2017 hearing on Debtors'

Amended Motion for Sanctions, show receipt of payments totaling $30,984.09—this Court's

December 12, 2017 ruling, and its subsequent orders, preclude an award of damages.  They

provide solely for an award of attorney's fees and costs.

10.     That the debtors were entitled to attorney's fees and costs only was further clarified by

the Court's rejection of the debtors' proposed order of December 18, 2017 (docket no. 56), which

included language providing for "actual damages."

11.     Moreover, the debtors continued to live at the mortgaged property through at least

November, 2014, and the payments made by Debtors to Brendan from April, 2011 to November,

2014 were voluntary.  *See* 11 U.S.C. § 524(f) (debtor not prevented from voluntarily repaying an

debt).

12.     Brendan therefore requests that the Court amend the order of February 8, 2018 to provide

for an award of attorney's fees and costs only, consistent with its ruling on December 12, 2017,

its written orders of December 12, 2017 and December 20, 2017, and 11 U.S.C. § 524(f).

### The Court's December 20, 2017 and February 8, 2018 orders
### rest on erroneous findings of fact and conclusions of law

13.     The Court's underlying ruling granting the debtors' Amended Motion for Sanctions rests

on erroneous findings of fact and conclusions of law.

14.     Specifically, the Court erred in finding that Brendan was bound by the March 16, 2011

Order Modifying the Automatic Stay and the discharge injunction.  A copy of the March 16, 2011

Order Modifying the Automatic Stay is attached hereto as Exhibit E.

15.     Brendan offered the only testimony regarding the March 16, 2011 order, stating that a

motion for relief from stay had been filed by Father & Sons Home Improvement II, Inc., and that

if Brendan's name appeared in the March 16, 2011 order, it was the result of a drafting error by

the attorney for Father & Sons Home Improvement II, Inc.

4

16.    It was undisputed that the debtors' obligation to Brendan arose upon the execution of a Note and Mortgage on or about March 19, 2011.

17.    Brendan was not a creditor in this case, and held no pre-petition claim against the debtors.

18.    The Motion for Relief from Stay (docket no. 15) was filed February 22, 2011 by Attorney Adam Loops on behalf of Father & Sons Home Improvement II, Inc., as its text makes clear.  A copy of the Motion for Relief from Stay (docket no. 15) is attached hereto as <u>Exhibit F</u>.

19.    Because Brendan did not file the motion, references to it in the March 16, 2011 order were made in error (as the testimony showed), and Brendan cannot be bound by its provisions.

20.    The Court further erred in concluding that Brendan "stood in the shoes" of Father & Sons Home Improvement II, Inc. as a result of its post-petition lending transaction with the debtors.

21.    As the testimony showed, the lending transaction related to a non-dischargeable mechanic's lien.  Brendan was not a holder of Father & Sons Home Improvement II, Inc.'s personal claim against the debtors.   Nor did it receive an assignment of Father & Sons Home Improvement II, Inc.'s mechanic's lien—the release of the mechanic's lien was issued by Father & Sons Home Improvement II, Inc., not Brendan.  Further, Brendan's mortgage on the subject property was not identical, in terms of lien priority, with Father & Sons Home Improvement II, Inc.'s mechanic's lien.

22.     Brendan is unaware of any authority for the proposition that a non-creditor violates the discharge injunction by financing, post-petition, a non-dischargeable obligation of the debtor.

23.    There is however, authority for the proposition that a non-creditor cannot be subject to the discharge injunction.  *See, e.g. In re Kalikow*, 602 F.3d 82, 95 (2d Cir. 2010) (discharge injunction may bind third-parties only where shown they have aided and abetted contempt by creditor).

24.     No evidence of contempt by Father & Sons Home Improvement II, Inc. (the creditor) was shown at the hearing on Debtors' Amended Motion for Sanctions.  Rather, the evidence showed that the debtors wanted to save their home from an inevitable mechanic's lien foreclosure by entering into a credit agreement with Brendan.

25.     "Bankruptcy Rule 9023 allows a court to alter or amend a judgment if the movant presents newly discovered evidence or points to evidence that clearly establishes a manifest error of law or fact." *In re Littman*, 551 B.R. 355, 360 (N.D. Ill. 2015) (citing *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

26.     Here, the evidence adduced at the hearing on the debtors' motion clearly establishes that Brendan was not bound by the terms of the March 16, 2011 order modifying the automatic stay, and that it did nothing to aid or abet contempt by Father & Sons Home Improvement II, Inc., so as to bring it within the scope of the discharge injunction.

        WHEREFORE, Brendan Financial, Inc. requests that the Court enter an order (1) altering its December 20, 2017 and February 8, 2018 orders to correct manifest errors of fact and law, or (2) in the alternative, amending its February 8, 2018 order to award attorney's fees and costs only.


                                        Respectfully Submitted,


                                        /s/ Scott R. Barfuss
                                        ARDC No. 6289005
                                        24 East Avenue
                                        Riverside IL 60546
                                        (708) 788-4870
                                        Attorney for Brendan Financial, Inc.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:    11-02105 |
| Juana Gutierrez and Juan L. Gutierrez, | ) | |
| | ) | |
| | ) | Chapter:  7 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**Order Scheduling Debtors' Amended Motion for Sanctions and Violation of the Discharge
Injunction**

Debtors' attorneys' fee submissions are due on or before January 16, 2018.

Any objections to the fee submissions are due on or before January 30, 2018.

Prove-up/evidentiary hearing is set for February 6, 2018 at 1:00 PM in Courtroom 619, 219
South Dearborn Street, Chicago, Illinois 60604.

Enter: *Donald R. Cassling* AMC

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated: 1 2 DEC 2017
**Prepared by:**

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|                          |     |                              |
|--------------------------|-----|------------------------------|
| IN RE:                   | )   |                              |
|                          | )   | Bankruptcy No. 11 B 02105    |
| JUANA & JUAN GUTIERREZ,  | )   | Chapter 7                    |
|                          | )   | Judge Donald R. Cassling     |
| Debtors.                 | )   |                              |

## ORDER GRANTING DEBTORS' AMENDED MOTION FOR SANCTIONS/DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION (DOCKET NO. 36)

For the reasons set forth on the record on December 12, 2017, the Court finds that Brendan Mortgage, Inc. d/b/a Brendan Financial, Inc. violated the automatic stay and the discharge injunction. IT IS HEREBY ORDERED that:

1. Debtors will be allowed to introduce evidence of their attorneys' fees and costs resulting from Brendan Financial's violation of the automatic stay and discharge injunction at a prove-up hearing on February 6, 2018.

2. Brendan Financial shall immediately dismiss the state court breach of contract lawsuit filed against the Debtors.

3. The note signed by the Debtors in favor of Brendan Financial is void and not effective or enforceable.

4. No punitive damages shall be assessed against Brendan Financial because the Debtors failed to establish that such award is appropriate.

**DATE:  December 19, 2017**

1 9 DEC 2017

**ENTERED:**

_Donald R. Cassling_ AMC

_____
**Donald R. Cassling**
**United States Bankruptcy Judge**

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   11-02105 |
| | ) | |
| JUANA GUTIERREZ, | ) | Chapter:  7 |
| | ) | |
| JUAN GUTIERREZ | ) | Honorable Donald R. Cassling |
| | ) | |
| Debtor(s) | ) | |

**ORDER GRANTING MOTION FOR SANCTIONS AND MOTION FOR VIOLATION OF DISCHARGE INJUNCTION**

THIS MATTER coming to be heard on the motion of the Debtors, the Court having jurisdiction over the parties and the subject matter and being duly advised in the premises and due notice having been given to the parties entitled thereto, and, as stated in the record, having been shown that Brendan Mortgage, Inc., d/b/a Brendan Financial, Inc.  violated the automatic stay and the discharge injunction in this matter:

It is hereby ORDERED that:

1) Brendan Mortgage, Inc., d/b/a Brendan Financial, Inc. is ordered to pay Debtors' legal fees and actual damages.

2) Debtors shall submit proof of attorneys' fees and Debtors' actual damages per the order of the court, entered December 12, 2017 (docket #55).

Enter:

Dated:

United States Bankruptcy Judge

**Prepared by:**

Jason Cotey
A.R.D.C #6311525
David M. Siegel & Associates
790 Chaddick Dr.
Wheeling, IL 60090

Rev: 20151029_bko

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
)
JUANA and JUAN L. GUTIERREZ, )
)
Debtors. )

Bankruptcy No. 11 B 02105
Chapter 7
Judge Donald R. Cassling

## ORDER AWARDING ATTORNEY FEES AND COSTS RESULTING FROM BRENDAN FINANCIAL, LLC'S VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION (DOCKET NO. 36)

### I.    INTRODUCTION

On December 12, 2017, the Court granted the amended motion for sanctions/damages for violation of the automatic stay and discharge injunction filed by Juana and Juan L. Gutierrez (the "Debtors") finding that Brendan Financial, Inc. ("Brendan Financial") violated the automatic stay and discharge injunction.  On December 19, 2017, the Court entered an Order that allowed the Debtors to introduce evidence of their attorney fees and costs resulting from Brendan Financial's violation of the automatic stay and discharge injunction.  On January 16, 2018, the Debtors submitted an itemization of their attorney fees and costs from the law firm David M. Siegel & Associates (the "Law Firm").  Included in that itemization were payments the Debtors made to Brendan Financial from April 2011 through November 2014 totaling $30,984.09 as well as attorney fees in the amount of $7,850 and costs of $284.18.  Brendan Financial filed an objection to the itemization on January 30, 2018.  In its objection, Brendan Financial does not challenge the $30,984.09 in payments that the Debtors made.  Rather, it objects to some of the attorney fees and costs.  The Court held a prove-up hearing on February 6, 2018.  No further evidence in support of the fees and costs was offered by the Debtors.  Benjamin D. Rios, an attorney with the Law Firm, made certain representations regarding the itemization which the Court will discuss herein.

### II.    APPLICABLE STANDARDS

A.    An applicant for fees is expected to exercise "billing judgment," which requires it to reduce the hours actually spent to the number of hours reasonably required to accomplish a task.  *Spegon*

*v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999). In the exercise of billing judgment, an applicant should exclude from the fees sought those hours that are excessive, redundant, or otherwise unnecessary. *Id.*

B.      The Court will employ the lodestar method in calculating whether the fees here were reasonably incurred. The Seventh Circuit has held that this method is appropriate when determining whether attorney fees were reasonably incurred. *See, e.g., Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (calling the lodestar method the "touchstone" for calculating attorney fees); *In re Taxman Clothing Co.*, 49 F.3d 310, 315 (7th Cir. 1995) (stating that the lodestar approach is the appropriate approach "that is normally taken in cases in which a judicial award of attorney's fees is sought . . . including bankruptcy cases"); *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir. 1992) (holding that a trial court "should determine the reasonable number of hours expended and the reasonable hourly rate for such expenditures"). The lodestar method entitles the petitioning party to compensation for time "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

C.      The party seeking fees bears the burden of proving the "reasonableness of the hours worked. . . ." *Spegon*, 175 F.3d at 550. When the fees are inadequately documented or vague, a court may reduce the fees by a reasonable percentage. *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000).

D.      When seeking attorney fees incurred in enforcing the discharge injunction, a debtor bears the burden of showing entitlement to the fees by presenting sufficiently detailed information or evidence with respect to the attorney's services in order to give rise to a presumption of reasonableness attached to the lodestar calculation. *Williams v. Williams (In re Williams)*, 368 B.R. 744, 747 (Bankr. N.D. Ind. 2007).

## III.   DISCUSSION

### Attorney Fees

A.      First, the Court will address the $7,850 in fees incurred by the Law Firm in its representation of the Debtors with respect to Brendan Financial's violation of the automatic stay and discharge injunction.

B.      Brendan Financial objects to the itemization submitted by the Debtors because it was not

2

supported by an affidavit or by the actual invoices of the time spent by the Law Firm. At the prove-up hearing, Mr. Rios, who was in charge of the Debtors' file, certified to the Court that the itemization constitutes an accurate summary of the time spent by the Law Firm regarding the representation of the Debtors, and that such records were kept in the ordinary course of its employment by the Debtors. He explained that this itemization fairly and accurately embodies the services the Law Firm provided to the Debtors, and that the fee agreement between the Law Firm and the Debtors provided for a $250 per hour flat rate charged for all services performed. Mr. Rios clarified the names of the individuals listed by their initials on the itemization and set forth the experience each attorney had in the bankruptcy area.

C.      Based on these statements made by Mr. Rios, the Court finds that the itemization represents a summary of the Law Firm's billing records under Federal Rule of Evidence 1006. Counsel for Brendan Financial stated that he accepted the itemization as a summary of the Law Firm's billing records and did not wish to examine the actual records.

D.      Brendan Financial also objects to some of the time billed by the Law Firm as unreasonable. The Court finds that most of the time expended by the Law Firm was reasonable and therefore compensable. The Court agrees with Brendan Financial, however, that some of the time spent by the Law Firm was not reasonable and therefore is not compensable. The Court has reviewed the time entries set forth in the itemization as well as the objection thereto raised by Brendan Financial and finds that there are certain fees charged that are not reasonable. Therefore, reductions in the amount sought are warranted.

E.      First, Brendan Financial objects to the time spent by the Law Firm preparing the motion for sanctions. Brendan Financial points to the August 9, 2017 time entry which shows that the Law Firm expended 5.0 hours of time preparing and filing the two-page motion with three exhibits, and spent 1.20 hours on August 8, 2017 conducting research regarding the motion. Brendan Financial argues that all of this time spent was excessive and should have taken only 1.50 hours. The Court agrees that the Law Firm's expenditure of 6.20 hours of time for a total of $1,550 in fees for the researching, drafting, and filing of the motion for sanctions is excessive and therefore unreasonable. The Court disagrees with Brendan Financial that only 1.50 hours should be allowed. Instead, the Court will reduce this time by 50% and allow only $775. This amount reflects what the Court views as a reasonable amount of time spent on this task. Thus, the Court disallows $775

3

in fees.

F.      Next, Brendan Financial objects to the .80 hours of time spent by the Law Firm on August 22, 2017 to "update" and refile the motion for sanctions.  According to Brendan Financial, the updated motion is practically identical to the original filing and should have required only .30 hours of time to update and refile.  After reviewing the docket, it appears that the Clerk's Office required the Law Firm to refile the motion due to some error.  The Court agrees that the expenditure of .80 hours of time for fees of $200 is unreasonable.  The Court will reduce this time by 50% and allow only $100 for this task.  The Court views that amount as reasonable and necessary. Therefore, the Court disallows $100 in fees for this task.

G.      Brendan Financial also objects to the .40 hours spent and the $100 in fees charged by the Law Firm on August 25, 2017 for the time spent speaking to the Clerk's Office regarding the motion for sanctions being filed incorrectly and for refiling the motion.  Because the Court already allowed $100 for the updating and refiling of the motion, any further time spent by the Law Firm would be duplicative and unreasonable.  Thus, the Court disallows this time entry and the $100 in fees charged by the Law Firm for this task.

H.      Next, Brendan Financial points to the September 5, 2017 and September 25, 2017 time entries, both of which contain the following description: "The case was marked closed.  Phone call with clerk: this is in error.  They'll update the docket."  The first time entry reflects .10 hours of time spent and fees of $25, and the second time entry shows 1.0 hours of time and fees of $250. Brendan Financial argues that the latter charge is duplicative and excessive.  The Court agrees that the time spent on September 25, 2017 is unreasonable and duplicative of the time spent on September 5, 2017.  Thus, the Court disallows the $250 in fees charged on the latter date.

I.      Further, Brendan Financial objects to the 3.90 hours spent and $975 in fees charged by the Law Firm on November 22, 2017, November 25, 2017, and November 27, 2017 to prepare exhibits for the evidentiary hearing on the motion for sanctions on the basis that such time and fees are excessive.  According to Brendan Financial, with the exception of the Debtors' bank statements and a letter to them from Michael Collins, the exhibits were previously attached to the motion for sanctions or are orders entered by the Court.  The Court agrees with Brendan Financial that the expenditure of 3.90 hours to organize and tab exhibits is excessive and unreasonable and therefore warrants a reduction.  The Court will reduce the time spent by the Law Firm on this task by 2.90

4

hours and $725 in fees. In the Court's view, 1.0 hour of time spent to prepare the exhibits is reasonable. Thus, the Court will allow only $250 in fees for this task.

J.        Next, Brendan Financial objects to the time spent by two attorneys at the Law Firm preparing for the hearing on the motion for sanctions as duplicative. On November 29, 2017 and November 30, 2017, a total of 2.30 hours of time was billed by "BDR" (Mr. Rios) to draft questions, review case history, review exhibits, and prepare for the hearing. On December 3, 2017, "JSC" (who was identified by Mr. Rios at the prove-up hearing as Jason S. Cotey) spent 1.0 hour to prepare for the hearing, draft questions, and review exhibits. The Court agrees that the time spent by both attorneys was duplicative in light of the fact that only Mr. Cotey appeared at and participated in the evidentiary hearing. Therefore, the Court disallows the 2.30 hours of time and $575 in fees charged by the Law Firm.

K.        Brendan Financial also objects to the 1.0 hour spent by the Law Firm on January 15, 2018 to prepare the itemization as excessive and states that the Law Firm should have only spent .40 hours preparing that document. The itemization is four pages in length and sets forth the time and expenses incurred by the Law Firm during its representation of the Debtors from July 2017 through January 2018. While the rules governing fee applications made under 11 U.S.C. § 330 and Local Bankruptcy Rule 5082-1 do not apply to fee awards for violation of the automatic stay and discharge injunction, the case law interpreting those provisions is instructive. Courts in this District award fees incurred in the preparation of fee applications, generally allowing 3-5% of the total amount sought. *See, e.g., In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (limiting compensation to 5% of the total fees sought); *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) (limiting compensation to 3% of the total fees sought). However, in limited circumstances, courts have allowed 10% of the total amount sought. *See In re Churchfield Mgmt. & Inv. Corp.*, 98 B.R. 838, 867 (Bankr. N.D. Ill. 1989). In this matter, the Law Firm is seeking only $250 in fees for preparation of the itemization or approximately 3% of the total fees it billed. The Court finds the expenditure of one hour to prepare the summary of the fees and expenses incurred by the Law Firm in its representation of the Debtors was both reasonable and necessary and certainly within the low percentage range of overall fees charged. Therefore, the Court overrules this objection made by Brendan Financial.

L.        Finally, Brendan Financial argues that two entries on the itemization are services that

constitute overhead costs and should not be allowed. The first entry is dated August 5, 2017 for .50 hours of time and fees of $125 to obtain a copy of the state court complaint filed by Brendan Financial against the Debtors. This task was performed by "MRC" who was identified by Mr. Rios as attorney Michael R. Colter. While the Court disagrees with Brendan Financial that such time was improperly billed as an overhead cost, it does agree that the task of obtaining a document from the state court is clerical in nature and does not command a $250 per hour billing rate charged by an attorney. Mr. Rios stated at the hearing that the Law Firm and the Debtors agreed that all services performed on their behalf would be billed at an hourly rate of $250. Nevertheless, the Court finds that this task was clerical or ministerial in nature and does not warrant a fee of $125 for .50 hours of time spent. The Court will therefore reduce the amount charged by 50% or $62.50. The Court will allow only $62.50 in fees for this task.

M.      The second entry is on August 22, 2017 for .20 hours of time and fees of $50 to amend the Debtors' address on Pacer. This task was performed by "OFFICE." Mr. Rios explained at the prove-up hearing that this task was undertaken by a data entry clerk at the Law Firm. Clearly, this service was clerical and, regardless of the Law Firm's agreement with the Debtors, charging $250 per hour to perform this task is not reasonable. The Court will reduce the amount by 50% or $25. The Court will allow only $25 in fees for this work.

N.      In conclusion, the Court finds that most of the fees charged by the Law Firm are reasonable and will therefore be allowed. Based on the foregoing analysis, however, the Court reduces the Law Firm's fees by the total of $2,612.50 for the reasons previously articulated. The Court will allow fees in the amount of $5,237.50

### Costs

A.      Next, the Court will address the $284.18 in expenses incurred by the Law Firm in its representation of the Debtors with respect to Brendan Financial's violation of the stay and discharge injunction. Those costs consist of $250 for the transcript of the Court's oral ruling on December 12, 2017 and $34.18 in postage and certified mail expenses. At the prove-up hearing, Mr. Rios indicated that the $250 cost for the transcript was only an estimate and that the actual cost was only $96, thereby reducing the costs sought to $130.18.

B.      Courts have broad discretion to determine reimbursable costs and expenses. *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1439 (7th Cir. 1994). A court will

award costs that are reasonable in amount and necessary to the litigation. *Harkins v. Riverboat Servs., Inc.*, 286 F.Supp.2d 976, 979 (N.D. Ill. 2003).

C.      Brendan Financial objects to the postage charges on the bases that they (1) are not supported by affidavit, (2) appear to include duplicative charges or charges that arise as a result of attorney error, and (3) represent overhead expenses.

D.      The Court overrules Brendan Financial's objection to these costs. There is no requirement that the Law Firm include an affidavit supporting these costs. After reviewing the itemization, it appears that the Law Firm incurred these expenses mailing documents pertaining to the motion for sanction to the Debtors. While Brendan Financial contends that the postage fees "appear to include duplicative charges or charges that arise as a result of attorney error," Brendan Financial does not explain this statement. After reviewing the six postage charges that total $34.18, the Court finds that there were no duplicate charges or charges that resulted from attorney error. The Court does not view certified mail and postage charges as an overhead expense. With respect to the transcript of the Court's oral ruling, the Law Firm reduced the estimated cost of $250 to the actual cost of $96. Based on this reduction, the Court overrules Brendan Financial's objection that such expense was not actually incurred by the Debtors.

E.      In sum, the Court finds that all of the expenses were reasonable and necessary and will be allowed in full.

## IV.    CONCLUSION

Based on the foregoing, the Court orders Brendan Financial to refund to the Debtors the payments they made from April 2011 through November 2014 in the amount of $30,984.09. In addition, the Debtors are awarded their reasonable attorney fees in the sum of $5,237.50 and costs in the amount of $130.18. Brendan Financial is responsible for those amounts.

**DATE: February 8, 2017**                    **ENTERED:**

_____
**Donald R. Cassling
United States Bankruptcy Judge**

7

# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | 11-02105 |
| | ) | Ch. 7 |
| JUANA GUTIERREZ | ) | |
| | ) | Honorable Judge Eugene R. Wedoff |
| JUAN L. GUTIERREZ | ) | Hearing Date: 3/8/11 |
| | ) | Courtroom 744 |
| Debtor(s). | ) | |

## ORDER MODIFYING THE AUTOMATIC STAY

This Cause coming before the Honorable Court on Father & Sons Home Improvement II, Inc.'s Motion for Relief from the Automatic Stay, the Court having jurisdiction over the subject matter and due notice having been given; and the Court finding that the mortgage held by said creditor is in default and that the security interest of said creditor is not adequately protected:

WHEREFORE, IT IS HEREBY ORDERED:

(1)   Pursuant to 11 U.S.C. Section 362(d), that Father & Sons Home Improvement II, Inc.'s, its principals, agents, successors and/or assigns is granted relief from the automatic stay provisions of 11 U.S.C. Section 362(a) by modifying said stay to permit Brendan Financial, Inc. to pursue its State Court remedies as to the property commonly known as 94 E. Dennis Rd., Wheeling, Illinois 60090 only and will not seek any deficiency judgment against Debtors.

(2)   Rule 4001(a)(3) is not applicable and Father & Sons Home Improvement II, Inc.'s may immediately enforce and implement this order granting relief from the automatic stay.

Entered:

Honorable Judge Eugene R. Wedoff

16 MAR 2011

# EXHIBIT F

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **11-02105** |
| | ) | **Ch. 7** |
| **JUANA GUTIERREZ** | ) | |
| | ) | **Honorable Judge Eugene R. Wedoff** |
| **JUAN L. GUTIERREZ** | ) | **Hearing Date:  3/8/11** |
| | ) | **Courtroom 744** |
| Debtor(s). | ) | |

## NOTICE OF MOTION

Via Electronic Notice to:

Eugene Crane                                         David M. Siegal  Associates
Crane Heyman Simon Welch & Clar          790 Chaddick Drive
135 S Lasalle Ste 3705                             Wheeling, Illinois 60090
Chicago, IL 60603

Via Regular Mail to:

Juana Gutierrez                                       Juan Gutierrez
94 E. Dennis Rd.                                     64 E. Dennis Rd.
Wheeling, Illinois 60090                          Wheeling, Illinois 60090

PLEASE TAKE NOTICE that on March 8th, 2011 at 9:30 am the undersigned will appear before the Honorable Judge Eugene R. Wedoff, or any judge sitting in her stead, in courtroom <u>744</u> of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604, and present the attached Motion for Relief from the Automatic Stay.

## PROOF OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustee and Debtor's attorney via electronic notice and U.S. Mail on February 11th, 2011.

   /s/ Adam A Loops
ARDC No. 6279249
Attorney For Brendan Financial
24 East Ave.
Riverside, Illinois 60546
708-788-4870

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **11-02105** |
| | ) | **Ch. 7** |
| **JUANA GUTIERREZ** | ) | |
| | ) | **Honorable Judge Eugene R. Wedoff** |
| **JUAN L. GUTIERREZ** | ) | **Hearing Date:  3/8/11** |
| | ) | **Courtroom 744** |

**<u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

NOW COMES, Father & Sons Home Improvement II, Inc. ("Movant"), by and through its attorney, Adam A Loops, and moves this Honorable Court, pursuant to 11 U.S.C. Section 362(d) of the Bankruptcy Code, for an Order granting movant relief from the automatic stay and in support thereof states as follows:

1.      On January 20th, 2011, Juana Gutierrez and Juan L. Gutierrez ("Debtors") filed for relief under Chapter 7 of the Bankruptcy Code.

2.      The Debtors are indebted to Movant in the amount of $97,107.57 for which the Movant claims a valid security interest in the property commonly known as 94 E. Dennis Rd., Wheeling, Illinois 60090 ("premises") through a mechanics lien recorded in the Cook County Recorder of Deeds on March 11, 2009 as document number 0907003109.

3.      The debt to Fathers & Sons Home Improvement is listed in Debtors schedule D as an unsecured claim and is therefore listed incorrectly.

4.      According to debtors' schedules, the property is worth $166,500.00 but has secured interests in the amount of $288,000.00 including Father & Sons Home Improvement II, Inc.'s mechanics lien.

5.      Accordingly, the Debtors' have no equity interest in the property for the benefit of unsecured creditors.

6.      While the Trustee has opened up an estate, to the Movants' knowledge the Trustee claims no interest on behalf of the estate in the subject property.

7.      Since this is a Chapter 7 case, the subject premises is not necessary to the Debtors' reorganization.

8.      Movant is not adequately protected.

9.     Movant continues to be injured each day it remains bound by the Automatic Stay.

10.    While the Movant is not seeking a personal or deficiency judgment against the Debtors, pursuant to the Illinois Foreclosure Act, the Debtors are necessary parties to a foreclosure action.

11.    No cause exists to delay the enforcement and implementation of relief and Bankruptcy Rule 4001(a)(3) should be waived.

WHEREFORE, Father & Sons Home Improvement II, Inc. prays that this Honorable Court grant Movant an order pursuant to 11 U.S.C. Section 362(d) modifying the automatic stay as to the property at 94 E. Dennis Rd., Wheeling, Illinois 60090, allowing Movant to enforce its lien and file, and for any other relief this Court deems just and reasonable.

Respectfully Submitted,

/s/ Adam A Loops
ARDC No. 6279249
Attorney For Father & Sons Home Improvement II, Inc.
24 East Ave.
Riverside, Illinois 60546
708-788-4870